

RECEIVED

DEC 09 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,
        Respondent,

V.                                          Case No. 1:23-cr-00020-CJW-MAR

DALTON JAMES GRIEBEL
        Petitioner.

### BARE BONES MOTION UNDER 28 USC 2255
### TO VACATE, SET ASIDE OR CORRECT SENTENCE
### AND REQUEST FOR LEAVE TO FILE AMENDMENTS
### TO THIS PETITION, WITH AN EXTENSION OF 120 DAYS

Comes Now, Dalton James Griebel, Petitioner, Pro Se, submits this "Bare Bones Petition" before this Honorable Court

Pursuant to Title 28, United States Code, Federal Rules of Civil Procedure, and the Rules governing Section 2255

Proceedings, under 28 USC 2255. Petitioner Griebel, presents this "Bare Bones Petition" to insure timeliness and compliance

with the year time limitation required under ADEPA.

### INTRODUCTION

Dalton James Griebel, was convicted and sentenced in The United States District Court, Northern District of Iowa, Cedar

Rapids Division, Case No. 1:23-cr-00020-CJW-MAR. He was convicted through a plea of Guilty, to Count 1, Distribution of a

Controlled Substance, in violation of 21 USC 841(a)(1) and 21 USC 841(B)(1)(c), on August 28, 2023. He was sentenced

upon acceptance of his Plea Agreement by, The Honorable District Judge C.J. Williams, on Jan 31, 2024 in The United

States District Court, Northern District, Cedar Rapids Division, Cedar Rapids, Iowa.

### PETITIONER IS PRO SE

Mr.. Griebel is not proficient with matters of the law therefore cites Haines v. Kerner, 404, 692 U.S. Supreme Court,

affording him the right to have this Court consider and construe this petition with liberal construction, and that he not be

held to the strict standards of an attorney in this filing of this motion. He has sought assistance from a clerk in the prison

law library to prepare this motion. This Motion/Petition has been filed in accordance with the requirements under Rule 2(c)

for a 2255 Habeas Corpus Motion and contains the necessary 'like' information required under its "Form". Mr. Griebel will

need a minimum of a 120 day extension to complete and file his "Substantive 2255 Motion'.

This "Bare Bones" petition is presented to the Court, including the "Claims and Grounds", within this petition in order that it be submitted on a timely basis, within the one-year limitations period, required, however, petitioner submits this motion with a [clear designation] that this pleading is a "Bare Bones Petition" that very likely does not contain all the available claims and grounds; and later will supplement petitioners pleadings as necessary".

## SUMMARY

Petitioner Griebel, submits to this Court that his Constitutional rights under the Fifth and Fourteenth Amendment to the U.S. Constitution, have been violated, and more specifically, under the 'Substantive Due Process Doctrine' his rights have been violated, as he has been unable to secure a 'key document' in order to review it and complete his 2255 Motion and therefore is unable to submit to this completed motion to the Court within the time of the AEDEPA deadline of Jan 31, 2025. It would not be prudent or wise for Mr. Griebel, to speculate as to what the "Court's words were during his Sentencing hearing".

'Petitioner is lacking information, that is only provided within the sentencing hearing transcript and needs it to supplement this motion, he has been attempting to get it for many months, he has "diligently" made requests for his sentencing transcript, first through his attorney was going to send it and did not and subsequently referred defendant to this Court and petitioner needs this document in order for petitioner to conclude the preparation of his 2255 Motion, he requests that this Court issue an "ORDER" for Petitioner Griebel as to the following :

    1) A copy of petitioner's "Sentencing Hearing Transcript", which he had requested from his Counsel, and request was denied and referred him back to the Court, which then Petitioner requested the documents needed again, and includes a copy of that latest request mailed to the Court, and the Court's response, "request for sentencing transcript will be forwarded to the Court Reporter" (see exhibit A).

    2) Petitioner is submitting this "Bare Bones Motion", in order to avoid not meeting the ADEPA one year deadline of 1/31/2024. (See e.g. Calderon v. Ashmus, 523 U.S. 740,750(1998)
Petitioner respectfully requests an additional 120 days past the ADEPA anniversary date of Jan. 31. 2025
    to prepare and complete his 2255 motion and submit it to the Court.

Petitioner has not appealed his conviction or sentence through any Court.

This being a "Bare Bones or aka/ Placeholder Petition, "the district court has subject matter jurisdiction to rule on a 2255 motion for an extension of time before the substantive motion for relief is actually filed" See United States v.Chambliss, 1988 U.S. App Lexis 9342; United States V. Thomas, 713 F.3d 165,173-74(3rd Cir.), cert denied, 570 U.S. 927 (2013). It is most certainly possible there will be other grounds, issues, supporting facts and arguments that petitioner will supplement with the substantive 2255 petition.

## GROUNDS

The following GROUNDS and supporting facts are submitted:

GROUND ONE:

Petitioner's 5th and 6th Amendment Constitutional Rights were violated. Counsel was ineffective for failure to challenge test results of the Methamphetamine.

SUPPORTING FACTS:

Petitioner was prejudiced by objectively unreasonable performance of counsel, when counsel did not object to the testing procedures and results of tests, as they were inconclusive. Counsel could have submitted a motion to the court requesting a suppression hearing, where the testing should have been challenged. The test results were inconclusive, tested for quantity, not the purity level, which can make a six level criminal history difference. Had Counsel challenged the purity level and requested an outside lab perform tests, the possibility is likely that a "mixture" substance would have been determined, and most certainly it was as a "brown substance" was denoted on "item 4" of the test results document, of each miniscule quantity tested (certainly this was not pure).

GROUND TWO:

Petitioner's 5th and 14th Amendment Constitutional Rights were violated. Counsel was ineffective for failing to challenge the fact that "Drugs in Defendant's Possession were for personal use".

SUPPORTING FACTS:

Petitioner was prejudiced by the objectively unreasonable performance of counsel, when he did not object to the government's allegation that petitioner possessed "Distributive Amounts of Narcotics". Counsel should have presented a defense that he possessed only " a user level amount of narcotics". Counsel also could have argued at Sentencing that petitioner's criminal history was negligible and not indicative of a narcotics trafficker. Other mitigating circumstances provided opportunity for counsel to argue other additional mitigating factors that would have lowered his sentence.

GROUND THREE: Petitioner's 2nd & 5th Amendment Constitutional Rights were violated. Counsel was ineffective for failure to challenge the Gun enhancement petitioner received at sentencing.

SUPPORTING FACTS:

Petitioner was prejudiced by the objectively unreasonable performance of counsel when he did not object at sentencing to the gun Enhancement petitioner received. The offense conduct detailed by Detective Matt Jackson, in a detention hearing, evidenced not only the low credibility and past criminal history of the Confidential Informant but it was only "the Confidential informant who alleged petitioner had carried a gun under his waist band". Arguments will be made in the substantive 2255 motion upcoming, specifically in the "memorandum to supplement 2255 motion" as to the fact Counsel could have challenged this issue successfully, he however did not. Had it been properly challenged it would have negated the Gun Enhancement.

Petitioner Dalton James Griebel, prays for this Court to grant an extension of 120 days, so that he may file a meaningful and substantive 2255 Motion through supplementing this motion.

I declare (or certify, verify. or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. 2255 was placed in the prison mailing system on _12_/_01_/_2024_

Executed on _Dec 1, 2024_____ (date)

_____
Signature of Petitioner

Dalton Griebel #51670-510
FCI-MILAN
P.O. Box 1000
MILAN, MI 48160

METROPLEX MI 480
3 DEC 2024   PM 10 L
12.3.24 EB
XRAYED US MARSHALS SERVICE



Attn:
Court of Clerk
Office

United States District Court
Northern District of Iowa
III - 7th Ave. SE  5th Floor
Cedar Rapids, IA.
52401-2101

52401-210312